```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------x

  GILBERT TIMSIT,

                  Plaintiff,
                                              ORDER TO SHOW CAUSE
           -against-                          20-CV-5446(EK)(LB)

  ZTVI ZEV SCHWARTZ, et al.,

                  Defendants.

----------------------------------------x
```

Eric Komitee, United States District Judge:

        Plaintiff Gilbert Timsit seeks injunctive relief and other remedies in this action. He asserts that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a), based on the diversity of citizenship of the parties. *See* Complaint ¶ 10, ECF No. 1. There are indications in the record, however, that diversity jurisdiction may not lie in this case. As set forth below, Plaintiff is ordered to show cause on or before January 4, 2021 why the case should not be dismissed for lack of subject matter jurisdiction.

## I. Background

        Plaintiff brings state-law claims against one individual defendant, Ztvi "Zev" Schwartz, and several limited liability companies: 741 Hancock, LLC; 223 Howard, LLC; 37 Covert, LLC; BSD Quincy LLC; Markein Investment IDF LLC; McKarkein Capital LLC; and Berkshire Abstract & Title Agency,

1

LLC.  By Order dated December 10, 2020, the Court noted that the Complaint did not expressly allege the citizenship of defendant Schwartz, or of the members of each LLC defendant.  *See* ECF No. 26 at 1.  I directed Plaintiff to file a supplemental affidavit setting forth factual details sufficient for the Court to determine whether diversity jurisdiction exists.  *Id.* at 2.  Plaintiff filed his response on December 16, providing additional details about certain defendants and moving for jurisdictional discovery with respect to defendant Berkshire Abstract & Title LLC.  *See* Plaintiff's Motion for Discovery, ECF No. 29; Plaintiff's Supplemental Affidavit and Exhibits, ECF Nos. 29-1 to 29-7.  Based on Plaintiff's submissions, the Court cannot conclude that diversity jurisdiction exists at this stage.

## II. Discussion

A. <u>Subject Matter Jurisdiction</u>

This Court has an obligation to examine its subject matter jurisdiction *sua sponte*, *see Joseph v. Leavitt*, 465 F.3d 87, 89 (2d Cir. 2006), and may not preside over cases absent subject matter jurisdiction.  *See Lightfoot v. Cendant Mortg. Corp.*, 137 S.Ct. 553, 560-61 (2017).  "[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook

2

or elect not to press." *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011). If the Court lacks subject matter jurisdiction, it must dismiss the action. *See* Fed. R. Civ. P. 12(h)(3); *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006).

Section 1332(a) requires "complete diversity between all plaintiffs and all defendants." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005). The "party seeking to invoke jurisdiction under 28 U.S.C. 1332 bears the burden of demonstrating that the grounds for diversity exist and that diversity is complete." *Herrick Co., Inc. v. SCS Commc'ns, Inc.*, 251 F.3d 315, 322-323 (2d Cir. 2001) (internal citations omitted). Diversity jurisdiction is defeated if there are foreign entities on both sides of the litigation. *See Bayerische Landesbank, New York Branch v. Aladdin Capital Management LLC*, 692 F.3d 42, 49 (2d Cir. 2012) ("[D]iversity is lacking . . . where on one side there are citizens and aliens and on the opposite side there are only aliens.") (quoting *Universal Licensing Corp. v. Paola del Lungo S.p.A.*, 293 F.3d 579, 581 (2d Cir. 2002)); *Corporacion Venezolana de Fomento v. Vintero Sales Corp.*, 629 F.2d 786, 790 (2d Cir. 1980) ("[T]he presence of aliens on two sides of a case destroys diversity jurisdiction."); *see also TLF CBRL LLC v. Societe Generale*, No. 20-CV-2367, 2020 WL 1304143, at *1 (S.D.N.Y. Mar. 17, 2020) ("If

3

one of the members of the plaintiff LLC . . . is a foreign citizen, then there would be aliens on two sides of the case and the Court would not have diversity jurisdiction.").

Plaintiff initially alleged that he "is a citizen of Israel" and "Defendants are citizens of New York, New Jersey, and Delaware." Compl. ¶ 10. Plaintiff also alleged, however, that defendant McKarkein Investment IDF LLC is "wholly owned" by non-party Geneva International Insurance, Inc. (hereinafter, "Geneva International"), *id.* ¶ 16; and he has now submitted the Operating Agreement of McKarkein Investment IDF LLC, which identifies Geneva International as its sole member. *See* Exhibit A-6 at 37, ECF No. 29-7. Geneva International, in turn, is "organized under the laws of Barbados" and has its "principal place of business in Barbados," Supplemental Affidavit ¶ 6, ECF No 29-1, which makes it a foreign entity for jurisdictional purposes. *See* 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . .").

Geneva International's citizenship defines the citizenship of McKarkein Investment IDF LLC because an LLC "takes the citizenship of each of its members." *See Bayerische Landesbank*, 692 F.3d at 49 (citing *Handelsman v. Bedford Vill. Assocs. Ltd. P'ship,* 213 F.3d 48, 51-52 (2d Cir. 2000)). It

4

also affects the citizenship of the other LLC defendants in which McKarkein IDF owns a membership interest, because their citizenship, in turn, is determined by "an upstream analysis" of their members. *Palmiotti v. JAF Carrier L.L.C.*, No. 15-CV-2365, 2017 WL 1166364, at *2 (E.D.N.Y. Mar. 28, 2017). The Operating Agreements of defendants 741 Hancock, LLC, 223 Howard, LLC, 37 Covert, LLC, and BSD Quincy LLC, all show McKarkein Investment IDF LLC as the member holding 100% of membership interests. *See* Exhibits A-2, A-3, A-4, A-5 (ECF Nos. 29-3 through 29-6).

Given these issues, Plaintiff has not satisfied his burden of showing complete diversity.[1] He therefore must show cause why the case should not be dismissed for lack of diversity jurisdiction, or face dismissal. *See Mazaya Trading Co. v. Fung Grp.*, No. 20-CV-745, 2020 WL 6387334, at *2 (2d Cir. Nov. 2, 2020) (affirming dismissal for lack of diversity jurisdiction where plaintiff was a citizen of Bermuda and defendant had a principal place of business in Hong Kong); *Mor v. Royal Caribbean Cruises Ltd.*, No. 12-CV-3845, 2012 WL 2333730, at *2

---

[1] With respect to defendant Schwartz, the Complaint refers to him as "an Israeli attorney," Compl. ¶ 6, and "an individual residing in Brooklyn, New York." *Id.* ¶ 13. Although "allegations of residency alone cannot establish citizenship," *Canedy v. Liberty Mut. Ins. Co.*, 126 F.3d 100, 102-03 (2d Cir. 1997), Plaintiff's supplemental submission indicates that Schwartz is a United States citizen by reference to "Schwartz's United States Passport." Supplemental Affidavit ¶ 3. Plaintiff states that Schwartz is the sole member of defendant McKarkein Capital LLC, *see* Supplemental Affidavit ¶ 5, which indicates that Schwartz and McKarkein Capital LLC share the same citizenship for jurisdictional purposes.

(S.D.N.Y. June 19, 2012) (dismissing for lack of diversity jurisdiction where individual plaintiff was citizen of Israel and defendant was incorporated in Liberia).

### B. Jurisdictional Discovery

Plaintiff also moves for limited jurisdictional discovery with respect to defendant Berkshire Abstract & Title LLC ("Berkshire") in order to ascertain the identity and citizenship of its member. Plaintiff states that discovery is warranted because the specific facts for which discovery is sought — including Berkshire's Operating Agreement — are not publicly available. *See* ECF No. 29 at 3.

The district court may order jurisdictional discovery "where the facts, for which discovery is sought, are peculiarly within the knowledge of the opposing party." *Gualandi v. Adams*, 385 F.3d 236, 244 (2d Cir. 2004); *see also Burlington Ins. Co. v. MC&O Masonry, Inc.*, No. 17-CV-02892, 2018 WL 3321427, at *3 (E.D.N.Y. July 5, 2018) (granting jurisdictional discovery to ascertain defendant LLCs' membership information that was not publicly available). However, courts first consider whether there has been a "threshold showing for some basis to assert jurisdiction, such as facts that would support a colorable claim of jurisdiction." *See Mills 2011 LLC v. Synovus Bank*, 921 F. Supp. 2d 219, 228 (S.D.N.Y. 2013) (citing *Ayyash v. Bank Al-Madina,* No. 04-CV-9201, 2006 WL 587342, (S.D.N.Y. Mar. 9,

6

2006)).  As discussed above, it appears that complete diversity is likely lacking with respect to other defendants.  Therefore, the motion for discovery as to Berkshire is denied, without prejudice to renew if Plaintiff successfully shows cause why the case should not be dismissed.

### III. Conclusion

For the reasons set forth above, Plaintiff is ordered to show cause on or before January 4, 2021, in a memorandum of law of ten pages or less, why this case should not be dismissed for lack of subject matter jurisdiction.  Defendant may file a reply of ten pages or less on or before January 7, 2021.  This Order shall have no effect on other upcoming deadlines in this case, or the hearing scheduled for January 8, 2021.

SO ORDERED.

/s/ Eric Komitee
ERIC KOMITEE
United States District Judge

Dated:    December 23, 2020
          Brooklyn, New York